**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**FREDKIEY HURLEY**, individually,

          **Plaintiff,**

v.

**29 BEDFORD LLC d/b/a DITCH PLAINS**, a New York for profit corporation and **34 DOWNING OWNERS CORP.,** a New York for profit corporation,

          **Defendants.**
_____

Case No. _____

# COMPLAINT

Plaintiff, FREDKIEY HURLEY, by and through the undersigned counsel, and in accordance with the Federal Rules of Civil Procedure and all other applicable statutes, rules, governing legal authorities, and advisory opinions files the instant Complaint against Defendants 29 BEDFORD LLC d/b/a DITCH PLAINS and 34 DOWNING OWNERS CORP. for violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*.

**I.   General Allegations Establishing Jurisdiction**

1. Plaintiff FREDKIEY HURLEY is an individual with a disability as defined by the ADA.

2. Plaintiff FREDKIEY HURLEY is seeking injunctive relief pursuant to the Americans with Disabilities Act (hereinafter "ADA"), which entitles Plaintiff to all attorneys' fees, litigation expenses and costs incurred in pursuing an action to enforce and obtain compliance with provisions of the ADA in accordance with 28 U.S.C. § 12181 *et seq.*

1

3. Notice prior to initiating suit is not mandated by the ADA. All other conditions precedent to filing suit are satisfied or are waived by Defendants as their violations have been ongoing since enactment of the ADA.

4. This Court has original jurisdiction over claims arising under Title III of the Americans with Disabilities Act (*see* 42 U.S.C. § 12181 *et seq.*; 28 U.S.C. §§ 2201-2202) pursuant to 28 U.S.C. §§ 1331 and 1343.

5. The property at issue is located in New York County, New York at 29 Bedford Street (hereinafter "Property"). Defendant 34 DOWNING OWNERS CORP. is the documented owner of the Property.

6. The Property is being operated as a commercial establishment – a "place of public accommodation (*see* 28 CFR 36.201(a))" – by Defendant 29 BEDFORD LLC d/b/a DITCH PLAINS (hereinafter "DITCH PLAINS"), who is a tenant on Defendant 34 DOWNING OWNERS CORP.'s Property.

7. Venue properly lies in the Southern District of New York as it is the federal judicial district which the property is located and on which the violative establishment is conducting business.

**II.   Plaintiff Hurley**

8. Plaintiff HURLEY is permanently disabled and confined to a wheelchair. He suffers from a relatively rare genetic developmental congenital disorder that he contracted at birth – spina bifida cystica with myelomeningocele – causing him severe and debilitating paralysis. There is currently no known, affordable cure available.

9. Plaintiff HURLEY resides in Manhattan, New York along with most of his family, all of whom able able-bodied individuals and provide him with assistance. His siblings live in upper Manhattan and his grandmother lives in Brooklyn.

10. Plaintiff HURLEY is the only member of his immediate family to have contracted spina bifida.

11. As a young twenty-seven (27) year old single man, Plaintiff HURLEY often goes out with his friends to socialize and meet new and interesting people.

12. He commutes principally using the MTA/New York City Transit Bus System although he travels to many places locally using only his wheelchair.

13. When Plaintiff HURLEY was visiting DITCH PLAINS he encountered architectural barriers at the Property precluding his from reasonably accessing the goods and services provided to non-disabled individuals. These barriers to access at the Property have deterred Plaintiff from availing himself of, and are denying his the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at DITCH PLAINS equal to those afforded to other individuals.

**III.** **ADA Prohibits Barriers Impeding Access By Disabled Individuals**

14. The ADA prohibits discrimination on the basis of disability. The Act guarantees reasonable accommodations for individuals with disabilities to ensure they are not the subject of discrimination.

15. The ADA and the ADA/ABA Accessibility Guidelines for Buildings and Facilities (36 CFR Part 1191, Appendices B and C) along with 28 CFR Part 36, Subpart D, the New Construction and Alterations portion of Title III (all hereinafter referred to as the "Accessibility Standards") dictate that property owners as well as operators of "commercial

establishments" are jointly responsible complying with these federal Accessibility Standards.

16. Defendants have and are continuing to violate the Accessibility Standards – discriminating against Plaintiff and other similarly situated disabled individuals – by failing to provide accessible facilities since enactment of the ADA.

17. As a result of Defendants ongoing non-compliance, Plaintiff HURLEY is being deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public. Consequently, Plaintiff is effectively deterred and discouraged from further travel due to these ADA problems.

**IV.   DITCH PLAINS**

18. The present violations at Defendants' facility threaten Plaintiff's safety as they create hazards impeding access.

19. The violations also infringe upon Plaintiff's right to travel free of discrimination causing Plaintiff harm in the form of suffering frustration, shame and humiliation.

20. A preliminary inspection of DITCH PLAINS reveals the following exterior and interior barriers to access by Plaintiff as an individual who is confined to a wheelchair:

   a.   Inaccessible entrance as step leading to entrance acts as a barrier to accessibility without required ramp not provided for step leading to entrance;

   b.   required minimum maneuvering clearance not provided at entrance door;

   c.   inaccessible dining tables as required minimum knee and toe clearance not provided at dining tables;

   d.   non-compliant height of dining tables exceed maximum height allowance;

   e.   percentage of existing dining tables required to be accessible not provided;

f.  inaccessible bar as height of bar exceeds maximum height allowance;

g.  required minimum knee and toe clearance not provided at bar;

h.  portion of bar required to be accessible not provided;

i.  compliant signage identifying the restroom not provided as required;

j.  inaccessible travel path leading to two restrooms as required minimum clear width not provided in corridor leading to restrooms;

k.  required minimum maneuvering clearance not provided at restroom door of first of two restrooms;

l.  required minimum clear width not provided at door opening of first of two restrooms;

m.  required clear width not provided at travel path to fixtures from restroom door at first of two restrooms;

n.  required minimum turning space not provided in first of two restrooms;

o.  restroom door swings into the floor space of lavatory and water closet in first of two restrooms;

p.  inaccessible lavatory in first of two restrooms as required minimum maneuvering clearance allowing a forward approach not provided at lavatory in first of two restrooms;

q.  required minimum clear floor space not provided at lavatory in first of two restrooms;

r.  non-compliant faucet knobs at lavatory in first of two restrooms require twisting of the wrist;

s.    insulation of pipes under lavatory not provided as required in first of two restrooms;

t.    inaccessible mirror located above lavatory in first of two restrooms;

u.    non-compliant height of mirror in first of two restrooms exceeds maximum height allowance;

v.    inaccessible water closet in first of two restrooms as required minimum clear floor space not provided at water closet in first of two restrooms;

w.    required grab bars not provided at rear and side walls of water closet in first of two restrooms;

x.    inaccessible water closet in second of two restrooms as required minimum clear floor space not provided at water closet in second of two restrooms;

y.    required grab bar not provided at rear wall of water closet in second of two restrooms;

z.    non-compliant existing grab bar at side wall of water closet in second of two restrooms does not meet minimum length requirement;

aa.    non-compliant position of flush control located at closed side of water closet in second of two restrooms;

bb.    non-compliant distance of water closet from side wall in second of two restrooms;

cc.    non-compliant faucet knobs at lavatory in second of two restrooms require twisting of the wrist;

dd.    insulation of pipes under lavatory not provided as required in second of two restrooms;

  ee. inaccessible mirror located above lavatory in second of two restrooms as height of mirror in second of two restrooms exceeds maximum height allowance;

  ff. failure to maintain accessible features and failing to advise to policies, practices and procedures to ensure that the goods and services being offered, as well as the facilities themselves, are accessible to people with disabilities.

21. The above-listed discriminatory violations are not an exhaustive list of all ADA violations on the property. Plaintiff requires an inspection of Defendants' place of public accommodation in order to identify, photograph and measure all of the barriers to access that constitute discriminatory acts in violation of the ADA.

22. Plaintiff plans on returning to DITCH PLAINS to avail himself of the good and services offered to the public thereon, and to determine whether the property has been made ADA compliant.

23. As the violations at Defendants' facility are ongoing, it would be a futile gesture for Plaintiff to return to the property so long as the above listed violations exist. Plaintiff returning to the property prior to all above violations being remedied will only further subject Plaintiff to discrimination and threaten Plaintiff's physical safety and well-being.

**COUNT I: DECLARATORY JUDGMENT**

24. When Plaintiff HURLEY visited DITCH PLAINS he could not reasonably access the goods and services otherwise available to able bodied individuals due to architectural

barriers and other ADA violations (*see* 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*) set forth herein in paragraph 20.

25. The Accessibility Standards, in particular Title III of the ADA, require all places of public accommodation to provide any person with a disability equal access to the goods and services being offered to non-disabled individuals.

26. Defendants denied Plaintiff reasonable access to the good and/or services being offered on their premises in violation of Title III of the ADA thus causing Plaintiff to retain the undersigned law firm to enforce his rights.

27. As a result of Defendants continuously violating of Title III of the ADA Plaintiff HURLEY has and is suffering actual harm in the form of personal injury, and humiliation including a sense of isolation and segregation, all of which are depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

28. A declaration that Defendant(s) were in violation of the ADA at the time Plaintiff suffered real and actual harm is necessary to ensure Plaintiff is compensated for the attorneys' fees expended to obtain Defendants(s) compliance with the law.

29. The undersigned has been retained by Plaintiff to pursue Plaintiff's rights as an individual suffering with a "disability" as defined by the ADA. Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

**WHEREFORE**, Plaintiff respectfully requests an order declaring Defendants (A) in violation of Title III of the ADA, 42 USC § 12181 *et seq.* at the time of Plaintiff's visit*;* and ((B) as a result of architectural barriers Defendants have effectively denied Plaintiff,

as an individual with a disability, reasonable access to the goods and/or services offered on the Property thereby discriminating against Plaintiff.

## **COUNT II: INJUNCTIVE RELIEF AGAINST DITCH PLAINS**

30. Plaintiff reasserts and incorporates the allegations set forth in paragraphs 1 through 23 above as if set forth specifically herein.

31. DITCH PLAINS is being operated as a place of public accommodation in violation of ADA.

32. Plaintiff, and all other individuals similarly situated, have been denied access to and have been denied the benefits of services, programs and activities at the Defendant's establishment as a result of the ADA violations set forth herein in paragraph 20 in violation of 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*.

33. Defendant continues to discriminate against Plaintiff and those similarly situated by operating DITCH PLAINS and yet failing to make reasonable modifications in policies, practices and/or procedures to comply with the Accessibility Standards.

34. Modifications in Defendant DITCH PLAINS's practices, policies and procedures are necessary to afford all offered goods, services, facilities, privileges, advantages and/or accommodations to individuals with disabilities.

35. Said modification are also necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals.

36. Plaintiff is suffering true and actual harm by Defendant DITCH PLAINS operating a place of public accommodation. Defendant's discriminatory practices create the potential for and/or cause Plaintiff physical harm and the contribute to Plaintiff's sense of isolation and

segregation thereby depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

37. Plaintiff, and all others similarly situated, have and will continue to suffer irreparable injury and damage without the immediate relief provided by the ADA and requested herein.

38. Plaintiff is without any adequate remedy and law.

39. The undersigned has been retained by Plaintiff and Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505 for having to employ the services of an attorney to gain Defendant's compliance with the Accessibility Standards.

40. Pursuant to 42 USC § 12188, this Court is empowered to order an injunction to remedy for Defendant's ADA violations, including but not limited to issuing an order requiring Defendant to alter the subject property so as to make the facilities readily accessible and usable by Plaintiff and other persons with disabilities as defined by the ADA or by closing the facility until such time as Defendants cure all ADA violations.

**WHEREFORE**, Plaintiff prays for and respectfully requests the Court order the following relief:

    a. Injunctive relief against Defendant;

    b. award reasonable attorneys' fees, costs and litigation expenses in accordance with 42 USC § 12205;

    c. any other relief this Court deems just and proper and/or is otherwise allowable under Title II of the ADA.

## COUNT III: INJUNCTIVE RELIEF AGAINST 34 DOWNING OWNERS CORP.

41. Plaintiff reasserts and incorporates the allegations set forth in paragraphs 1 through 23 above as if set forth specifically herein.

42. Defendant 34 DOWNING OWNERS CORP. is the documented owner of the Property on which Defendant DITCH PLAINS is operating a place of public accommodation violating the Accessibility Standards by permitting discriminatory treatment of persons confined to wheelchairs.

43. Individuals confined to wheelchairs, including Plaintiff HURLEY have been denied access to and the benefits of services, programs and activities at the Defendant's Property as a result of the ADA violations set forth herein in paragraph 20. *See* 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*

44. Defendant is continuing to discriminate against Plaintiff by failing to make reasonable modifications in the physical structure so as to permit compliance with Title III of the ADA.

45. The structural impediments set forth in paragraph 18 must be remedied to eliminate the architectural barriers set forth herein, which remedies are necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals.

46. Permitting a place of public accommodation to operate in violation of the ADA is causing Plaintiff to suffer true and actual harm. The architectural barriers create the potential for and/or cause Plaintiff physical harm and the contribute to Plaintiff's sense of isolation and segregation thereby depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

47. Plaintiff has and will continue to suffer irreparable injury and damage without the immediate relief provided by the ADA and requested herein.

48. Plaintiff is without any adequate remedy and law.

49. The undersigned has been retained by Plaintiff and Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505 for having to employ the services of an attorney to gain Defendant's compliance with the Accessibility Standards.

50. Pursuant to 42 USC § 12188, this Court is empowered to order an injunction to remedy for Defendant's ADA violations, including but not limited to issuing an order requiring Defendant to alter the subject property so as to make the facilities readily accessible and usable by Plaintiff and other persons with disabilities as defined by the ADA or by closing the facility until such time as Defendants cure all ADA violations.

**WHEREFORE**, Plaintiff prays for and respectfully requests the Court order the following relief:

   d. Injunctive relief against Defendant;

   e. award reasonable attorneys' fees, costs and litigation expenses in accordance with 42 USC § 12205;

   f. any other relief this Court deems just and proper and/or is otherwise allowable under Title II of the ADA.

Respectfully submitted on January 28, 2017.

**By: /s/ Tara Demetriades**
Tara Demetriades, Esq.
New York Bar No. 4185666

**ADA Accessibility Associates**
1076 Wolver Hollow Road
Oyster Bay, New York 11771
E: TDemetriades@Aol.com
T: (516) 595-5009